UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JORDAN WILSON, | Case No._____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| IEC ELECTRONICS CORP, KEITH M. BUTLER, CHARLES P. HADEED, ANDREW M. LAURENCE, JEREMY R. NOWAK, and JEFFREY T. SCHLARBAUM, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Jordan Wilson ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action against IEC Electronics Corp. ("IEC" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), and to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to

which IEC will be acquired by Creation Technologies International Inc. through its wholly-owned subsidiary CTI Acquisition Corp. ("Purchaser") (the "Proposed Transaction").

2. On August 12, 2021, IEC and Creation issued a joint press release announcing that they had entered into an Agreement and Plan of Merger (the "Merger Agreement") dated August 12, 2021, to sell IEC to Creation. Under the terms of the Merger Agreement, Creation will acquire all outstanding shares of IEC for $15.35 in cash per share of IEC common stock (the "Offer Price"). Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on August 26, 2021. The Tender Offer is scheduled to expire at the end of the day, at midnight, New York City time, on September 23, 2021. The Proposed Transaction represents a fully diluted equity value of approximately $173.8 million and an aggregate enterprise value of $242.3 million, based upon net debt of $68.6 million.

3. On August 26, 2021, IEC filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that IEC stockholders tender their shares in favor of the Tender Offer, omits or misrepresents material information concerning, among other things: (i) IEC management's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the special committee of the Board's ("Special Committee") financial advisor, B. Riley Securities, Inc. ("B. Riley"); and (ii) and B. Riley's potential conflicts of interest. Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act.

4. In short, the Proposed Transaction will unlawfully divest IEC's public stockholders of the Company's valuable assets without fully disclosing all material information

concerning the Proposed Transaction to Company stockholders. To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such problems are remedied.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. IEC's common stock trades on the Nasdaq Global Market, which is headquartered in this District, rendering venue in this District appropriate.

## PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of IEC.

9. Defendant IEC is a Delaware corporation, with its principal executive offices located at 328 Silver Hill Road, Newark, New York, 14513. IEC is a provider of electronic manufacturing services ("EMS") to advanced technology companies that produce life-saving and

mission critical products for the medical, industrial, and aerospace and defense sectors. IEC's common stock is traded on the Nasdaq Global Market under the ticker symbol "IEC."

10. Defendant Keith M. Butler ("Butler") has been a director of the Company since 2015.

11. Defendant Charles P. Hadeed ("Hadeed") has been a director of the Company since 2015.

12. Defendant Andrew M. Laurence ("Laurence") has been a director of the Company since 2015.

13. Defendant Jeremy R. Nowak ("Nowak") has been Chairman of the Board and a director of the Company since 2015.

14. Defendant Jeffrey T. Schlarbaum ("Schlarbaum") has been the Company's President, Chief Executive Officer and a director since 2015.

15. Defendants identified in paragraphs 10 to 14 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

16. Creation provides total product lifecycle solutions including turnkey design, rapid prototyping, manufacturing and fulfillment to its customers around the world. Creation operates ten manufacturing locations, two design centers and a rapid prototyping center in the U.S., Canada, Mexico and China. Its original equipment manufacturer customers are in the Aerospace & Defense, Medical and Tech Industrials markets.

17. Purchaser is a Delaware corporation and a wholly owned subsidiary of Creation.

## SUBSTANTIVE ALLEGATIONS

**Company Background**

18. IEC conducts business directly, as well as through its subsidiaries, IEC

Electronics Corp-Albuquerque and IEC Analysis & Testing Laboratory, LLC. IEC is a premier provider of EMS to advanced technology companies that produce life-saving and mission critical products for the medical, industrial, aerospace and defense sectors. IEC specializes in delivering technical solutions for the custom manufacturing, product configuration, and verification testing of highly engineered complex products that require a sophisticated level of manufacturing to ensure quality and performance.

19. On August 12, 2021, IEC announced its fiscal 2021 third quarter financial results. IEC reported revenues of $49.4 million for the third quarter of fiscal 2021, an increase of 4.2% as compared to revenues of $47.4 million for the third quarter of the year ended September 30, 2020 ("fiscal 2020"). For the first nine months of fiscal 2021, the Company reported revenues of $142.2 million, an increase of 4.4% compared to $136.3 million for the first nine months of fiscal 2020. Defendant Schlarbaum commented on the results, stating:

> [w]e were pleased to have delivered solid revenue growth during the third quarter of fiscal 2021 of $49.4 million, despite headwinds that we, and many in our industry, are experiencing related to ongoing material shortages and labor constraints. During the fiscal quarter we continued to ramp multiple exciting new programs. As we noted last fiscal quarter, given the complexity of the programs we service, the ramping process is not linear and frequently includes process development adaptations which continue to impact profitability. However, once established, we anticipate that these programs will provide considerable long-term revenue and margin opportunity for IEC. As the economy moves beyond the pandemic, we are encouraged by the increased backlog as compared to year-end fiscal 2020 and a solid book to bill ratio of 1.76:1 in the third fiscal quarter, which included a contract extension valued at more than $45 million from a longstanding customer. We believe this recent contract extension serves as a strong endorsement of our capabilities and reliability and speaks to IEC's position in the marketplace as we pursue new customers and contracts. We believe we remain uniquely positioned to drive long-term growth for our shareholders. IEC is an established manufacturing partner with a proven record of success providing a vertically integrated portfolio of services to companies in attractive and growing sectors such as medical and aerospace and defense. Our 100% U.S.-based model positions IEC as the ideal partner for companies seeking the highest levels of intellectual property protection and supply chain management. We are pleased to have made solid progress throughout this challenging year to advance our

leadership position and we are excited about the opportunities we are seeing to win new customers and programs as we move toward delivering an expected strong close to fiscal 2021.

**The Proposed Transaction**

20.  On August 12, 2021, IEC and Creation issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

> Newark, NY and Boston, MA, August 12, 2021 – IEC Electronics Corp. (NASDAQ: IEC) ("IEC") and Creation Technologies Inc. ("Creation") today jointly announced the signing of a definitive merger agreement under which Creation will acquire all outstanding shares of IEC for $15.35 per share in cash, representing a fully diluted equity value of approximately $173.8 million and an aggregate enterprise value of $242.3 million, based upon net debt of $68.6 million. The transaction has been unanimously approved by the Boards of Directors of both companies.
>
> IEC is a leading provider of high-complexity, low-to-medium volume electronic manufacturing services focused on high-reliability applications within the aerospace and defense, medical and industrial end markets. With its marquee, blue-chip customer base, the company has proven its ability to service the industry's highest levels of quality and reliability. The merger will augment IEC's existing production capabilities with access to Creation's existing low-cost manufacturing facilities in Mexico.
>
> Creation Technologies is a global EMS supplier with a focus on medium volume, high-reliability customers in aerospace and defense, medical and tech industrial markets. Creation and IEC combined will have more than 4,000 employees in facilities located in the USA, Canada, Mexico and China.
>
> "IEC is excited about joining the Creation family. The transaction presents our stakeholders with immediate value while providing our customers a broader platform for continued growth," said Jeffrey T. Schlarbaum, President and CEO of IEC.
>
> "A combination of IEC and Creation creates a leading medium volume, high-reliability electronics manufacturer with a customer service driven culture," said Stephen P. DeFalco, Chairman and CEO of Creation. "Furthermore, IEC and Creation's complementary geographic footprints create a premier full-service North American supply chain for both companies' customers."
>
> Transaction Details

Under the terms of the merger agreement, Creation will commence a tender offer to acquire all of the outstanding common stock of IEC for $15.35 per share in cash. The purchase price represents a premium of approximately 47% to IEC's closing share price on August 11, 2021, the last full trading day before today's announcement. The tender offer is subject to customary closing conditions, including the tender of at least two-thirds of the total number of IEC's outstanding shares and the expiration of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976. Following the closing of the tender offer, a wholly-owned subsidiary of Creation will merge with and into IEC, with each share of IEC common stock that has not been tendered being converted into the right to receive the same $15.35 per share in cash offered in the tender offer. The transaction will be financed through a committed debt financing package provided by JPMorgan Chase Bank and Citizens Bank. The transaction is expected to close by early October 2021.

The merger agreement provides for a "go-shop" period, during which IEC (acting through its financial advisor) will actively initiate, solicit, facilitate, encourage and evaluate alternative acquisition proposals, and potentially enter into negotiations with any parties that offer alternative acquisition proposals. The "go-shop" period is 35 days subsequent to signing of the Merger Agreement, ending September 16, 2021. There can be no assurance that this "go-shop" process will result in a superior proposal. IEC does not intend to disclose developments with respect to the solicitation process unless and until its Board of Directors has made a decision with respect to any potential superior proposal.

Upon completion of the transaction, IEC will become a privately-held company and shares of IEC's common stock will no longer be listed on any public market.

**Insiders' Interests in the Proposed Transaction**

21. IEC insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of IEC.

22. Notably, Company insiders stand to reap substantial financial benefits for securing the deal with Creation. The following table sets forth the cash payments the Company's executive officers and directors will receive in connection with tendering their shares in the Tender Offer:

| Name of Director or Executive Officer | Number of | Implied Cash |
|---|---|---|

| | Shares Beneficially Owned (#) | Consideration for Shares ($) |
|---|---|---|
| Keith M. Butler | 58,539 | 898,574 |
| Charles P. Hadeed | 70,641 | 1,084,339 |
| Andrew M. Laurence | 34,391 | 527,902 |
| Jeremy R. Nowak | 54,391 | 834,902 |
| Jeffrey T. Schlarbaum | 92,996 | 1,427,489 |
| Thomas L. Barbato | 7,500 | 115,125 |
| All directors and executive officers as a group (6 persons) | 318,458 | 4,888,330 |

23. Moreover, upon consummation of the Proposed Transaction, all vested and unvested Company options, restricted shares ("RSAs"), restricted stock units ("RSUs") and performance stock units ("PSUs") will be converted into the right to receive cash payments. The following table sets forth the amount of compensation Company insiders stand to receive for their Company options, RSAs, RSUs and PSUs:

| Name of Director or Executive Officer | Number of Options (#) | Cash Consideration for Options ($) | Number of RSAs (#) | Cash Consideration for RSAs ($) | Number of RSUs (#) | Cash Consideration for RSUs ($) | Number of PSUs (#) | Cash Consideration for PSUs ($) |
|---|---|---|---|---|---|---|---|---|
| Keith M. Butler | — | — | 6,354 | 97,534 | — | — | — | — |
| Charles P. Hadeed | — | — | 6,354 | 97,534 | — | — | — | — |
| Andrew M. Laurence | — | — | 6,354 | 97,534 | — | — | — | — |
| Jeremy R. Nowak | — | — | 6,354 | 97,534 | — | — | — | — |
| Jeffrey T. Schlarbaum | 416,145 | 6,387,826 | — | — | 21,581 | 331,268 | 86,318 | 1,324,981 |
| Thomas L. Barbato | 100,000 | 1,535,000 | — | — | 8,761 | 134,481 | 35,040 | 537,864 |
| All directors and executive officers as a group (6 persons) | 516,145 | 7,922,826 | 25,416 | 390,136 | 30,342 | 465,750 | 121,358 | 1,862,845 |

24. Further, if they are terminated in connection with the Proposed Transaction, IEC's named executive officers stand to receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following table:

| Name | Cash [1] ($) | Equity [2] ($) | Perquisites/ Benefits [3] ($) | Total ($) |
|---|---|---|---|---|
| Jeffrey T. Schlarbaum | 1,118,615 | 2,041,872 | 24,672 | 3,185,159 |
| Thomas L. Barbato | 229,840 | 1,324,823 | 5,298 | 1,559,961 |

**The Recommendation Statement Contains Material Misstatements or Omissions**

8

28. The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to IEC's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Proposed Transaction or seek appraisal.

29. Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) IEC management's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by B. Riley; and (ii) B. Riley's potential conflicts of interest.

*Material Omissions Concerning IEC Management's Financial Projections and B. Riley's Financial Analyses*

30. The Recommendation Statement omits material information regarding Company management's financial projections.

31. For example, the Recommendation Statement fails to include the line items underlying the company's Adjusted EBITDA over the projection period.

32. The Recommendation Statement also describes B. Riley's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of B. Riley's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, IEC's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on B. Riley's fairness opinion in determining whether to tender their shares in the Tender Offer or seek appraisal.

33. With respect to B. Riley's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) whether 100% of the implied value resulting from the analysis was a result of the terminal value and, if not, identification and quantification of the financial metrics that B. Riley utilized over the projection period; and (ii) quantification of the inputs and assumptions underlying the discount rate range of 13.0% to 15.0%.

34. The omission of this information renders the statements in the "Certain Unaudited Prospective Financial Information" and "Opinion of Financial Advisor to the Special Committee" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning B. Riley's Potential Conflicts of Interest*

35. The Recommendation Statement fails to disclose material information concerning potential conflicts of interest faced by the Special Committee's financial advisor, B. Riley.

36. For example, the Recommendation Statement fails to disclose whether B. Riley has performed any services for the Company or Creation and their respective affiliates in the prior two years and, if so, the timing and nature of the services and the amount of compensation received by B. Riley for providing such services.

37. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

38. The omission of this information renders the statements in the "Opinion of Financial Advisor to the Special Committee" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

39. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other IEC stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

25. Plaintiff repeats all previous allegations as if set forth in full.

26. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting IEC stockholders to tender their shares in the Tender Offer.

27. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

28. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

29. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation

Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

30. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of IEC, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

31. Plaintiff repeats all previous allegations as if set forth in full.

32. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

33. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

34. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the

opportunity to make an informed decision in deciding whether or not to tender her shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

35. Plaintiff repeats all previous allegations as if set forth in full.

36. The Individual Defendants acted as controlling persons of IEC within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of IEC and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

37. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

38. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

39. In addition, as the Recommendation Statement sets forth at length, and as

described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

40. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

41. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of IEC, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 3, 2021

                                                      **WEISSLAW LLP**
                                                      Richard A. Acocelli
                                                      1500 Broadway, 16th Floor
                                                      New York, New York 10036
                                                      Tel: (212) 682-3025
                                                      Fax: (212) 682-3010

                                                      *Attorneys for Plaintiff*